## BOYD *v.* WEBSTER.

The assignee of a chose in action, not negotiable, may maintain a suit in his own name against the debtor, upon his promise to pay the same.

The plaintiff may recover in the same suit a demand due to him individually, and a demand due to him as surviving partner of a copartnership.

The reference of an action without objection is evidence from which consent may be inferred.

There is no real distinction between a referee under the statute, and an auditor, when it appears that the trial would be the same.

ASSUMPSIT, to recover a balance due on account. The plaintiff is described in the writ as doing business under the name of Samuel Boyd & Co., and as surviving partner of the firm of Boyd, Corey & Co., composed of himself and one Thomas Corey, deceased. The declaration is general, and a new count was added, alleging that the defendant was indebted to the plaintiff under the name and style of Samuel Boyd & Co. The action was referred at the October term, 1875, without objection by either party. The referee reported $497.62 due the plaintiff, and the following facts. From December, 1872, to February, 1873, the plaintiff, with Daniel Ahl, Jr., and Roger Boyd, carried on business in Boston under the firm name of Boyd, Corey, Ahl & Co. The plaintiff then bought out his partners, took the assets and assumed the liabilities of the firm, and carried on the same business alone, under the name of Samuel Boyd & Co., until May, 1873, when he took Thomas Corey into partnership and carried on the same business, under the firm name of Boyd, Corey & Co., till January, 1875, when Corey died. Ahl was living at the date of the commencement of this action. It did not appear whether Roger Boyd was living or not.

In December, 1872, the defendant made a contract with the firm of Boyd, Corey, Ahl & Co., whereby he was to have of them shoe stock from time to time, and was to sell them the shoes, manufactured from the stock, at certain prices. He had stock from this firm, and stock, cash, and notes from their successors, and sent to both manufactured goods as set forth in the specification. There was no change in the manner of doing the business when the changes were made in the plaintiff's firm, except that the correspondence and bills were in the name of the firm doing the business for the time being. The business was treated by the parties as a continuous business, without any rests on account of the changes in the plaintiff's firms. In December, 1873, the defendant made a new contract of a similar nature with the firm of Boyd, Corey & Co., and the subsequent charges and credits in the specification grew out of the last contract. No settlement was ever made between the parties.

The referee found from the manner in which the business was done

that the defendant consented to the assumption by the plaintiff of the contract made by the defendant with the firm of Boyd, Corey & Co., and promised the plaintiff to pay him whatever he was owing that firm, although there was no express contract to that effect.

The referee held that the plaintiff might recover whatever was due him, both in his individual capacity and as survivor of the firm of Boyd, Corey & Co.; and having found that the defendant promised the plaintiff on account of the business that was transacted by him with Boyd, Corey, Ahl & Co., he made no rests in the account, but treated it as one continuous account, and made his report accordingly.

The defendant elected a trial by jury, and the plaintiff moved that the report be used at the trial as the report of an auditor. The questions raised by the report and motion were reserved.

*Butler*, for the plaintiff.

*Barnard & Leach*, for the defendant.

SMITH, J. Among the assets which the plaintiff took from the firm of Boyd, Corey, Ahl & Co., was the balance due them from the defendant upon the unsettled account between the parties. This was in effect the assignment of a chose in action; and the subsequent dealings between the plaintiff and the defendant are evidence of an assent by the latter to the assignment, and of a promise on his part to pay whatever was due, sufficient to enable the plaintiff to maintain an action upon it. The referee has found that the defendant did so promise, and the reported facts show that he was warranted in so finding. The action, therefore, so far as this part of the claim is concerned, is well enough brought in the name of the plaintiff. 1 Ch. Pl. 15, and notes; *Barnes* v. *Insurance Company*, 45 N. H. 21, 24, and authorities cited; *Armsby* v. *Farnam*, 16 Pick. 318.

As to the remainder of the claim, it is well settled, that a debt due to an individual and a debt due to him as surviving partner of a firm may be joined in the same action. The rights of action which were vested in the firm survive, and become vested in the surviving member of the firm, not as the representative of another person, as an executor or administrator is, but as the survivor of the partnership representing himself, and being all that is left of the firm. *Adams* v. *Hackett*, 27 N. H. 289.

Allowing an action to be referred, without objection, is evidence on the question whether a party assented to the reference. *Deverson* v. *Eastern Railroad*, ante, 129; *Smith* v. *Fellows*, ante, 169. But the question of consent is one of fact, to be determined at the trial term. This appears to be a proper case for an auditor; and if it had been sent to one, the result would not have been changed, nor would the course of the trial have been different. We cannot see that it makes

any difference whether the tribunal is called a referee, or auditor, or commissioner, when it appears that the trial would be the same.

*Case discharged.*

BINGHAM, J., did not sit.