## BOYD *v.* WEBSTER.

A creditor, having a balance of the account of a former partnership, of which he had been a member, against the defendant, and continuing in his own name, with the defendant's knowledge and consent, the same account, may, in the absence of direction by the defendant, apply subsequent payments and credits in satisfaction of the partnership indebtedness.

ASSUMPSIT, for the balance of an account (reported in 58 N. H. 336). The business of the several firms with the defendant was by one continuous account, without rests or settlement. He understood this, and did not object. When the plaintiff succeeded to the business of Boyd, Corey, Ahl & Co., the defendant was indebted to that firm, and now objects that payments since made and credits given cannot be applied to that indebtedness. A part of the defendant's business with Boyd, Corey & Co., of which firm the plaintiff is the surviving partner, was receiving materials to be manufactured and returning the goods when made. The balance of account against the defendant was for money and notes furnished by the latter firm in excess of what was required for manufacturing the materials. The defendant claims that this cannot be recovered in assumpsit.

*Barnard*, for the defendant.

*Butler*, for the plaintiff.

ALLEN, J.   The defendant being liable to the plaintiff for the amount of his indebtedness to Boyd, Corey, Ahl & Co. *(Boyd* v. *Webster*, 58 N. H. 336, 337), the plaintiff, continuing the same account in his own name and in the same business, with the knowledge and without objection of the defendant, might, unless the defendant otherwise directed, apply payments made to himself to the satisfaction of any items of the continuous account, which included the first partnership debt.   *Hilton* v. *Burley*, 2 N. H. 196; *Morse* v. *Woods*, 5 N. H. 301; *Sawyer* v. *Tappan*, 14 N. H. 352; *Caldwell* v. *Wentworth, id.* 431; *Carpenter* v. *Goin*, 19 N. H. 482.

The balance found against the defendant being for money and notes furnished in excess of what was required for manufacturing the materials, these must have been accounted for at the prices charged in the account, and no question can be made of the plaintiff's right to recover the balance of the account in assumpsit.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.