CLOUGH *v.* GILES *and* Trustees, NUTTER, *Claimant.*

An assignment by a written order of a debt to become due the defendant on the completion of a certain job of work, followed by a promise made by the one for whom the work was done to the assignee, after the job was finished, to pay him the amount due, effects a novation, and the debt cannot, after that, be held by trustee process as the right or credit of the defendant.

APPEAL, from the police court of Concord.   Issue between the plaintiff and the claimant.   Facts found by the court.

Prior to the service of the writ on the trustees, the defendant had been at work for them under a contract to do a piece of grading for $50.   No time was limited in which the grading was to be completed, but it was done at the time the writ was served.   After Giles had worked five days, he made an order or assignment for the $50, as follows:

"West Concord, N. H., June 15, 1885.

"Mr. Hunton & Anderson:

"Please pay E. S. Nutter fifty dollars for grading.

John B. Giles."

This order was presented for acceptance June 15, and Hunton & Anderson dated it ahead to June 25, so as not to be obliged to pay it until the work was finished, and then accepted it in writing. June 25 Giles had worked fifteen days, and after that he worked five days more before finishing the work, making in all twenty days.   The order was given upon good consideration, but was not recorded in the city clerk's office, as provided by Gen. Laws, *c.* 249, *s.* 48.

After the work was completed, and before the service of the trustee process, Hunton & Anderson, in reply to a demand by Nutter, said they would pay the amount of the order to him.

*R. E. Walker,* for the plaintiff.   It is claimed that there was a verbal acceptance of this assignment after the money was due and before the service of the writ, which made the assignment good as

against everybody. But it was not an acceptance; it was merely a recognition of the written acceptance, and might be competent evidence, as an admission, to prove the written acceptance. *Wells* v. *Brigham*, 6 Cush. 6. It did not amount to a new contract of acceptance, for there was no new consideration. As establishing a legal right, it was unnecessary and of no effect. The title to this fund assigned passed as between the parties to the contract when the assignment was originally accepted. *Knowlton* v. *Cooley*, 102 Mass. 233; *Mansard* v. *Daley*, 114 Mass. 408.

*Albin* & *Martin*, for the trustees.

*H. G. Sargent*, for the claimant.

ALLEN, J. The promise by the trustees to pay the contract price for the labor to the claimant, after the completion of the contract and the money was due, gave the claimant a right of action in his own name against the trustees. *Boyd* v. *Webster*, 58 N. H. 336. The money being earned, the debt was due, and was transferred from the defendant to the claimant, and there was a novation of parties and debt. The promise being to pay a debt already due completed the assignment, which, taking effect at the time of the promise, could not be one of wages to be earned; and the statute making invalid against the assignor's creditors assignments of wages to be earned in the future, unless accepted in writing and a copy is filed with the town-clerk (G. L., c. 249, s. 48), has no application. The promise to pay having been made, and the transfer of the debt completed before the service of process, the trustees must be discharged.

The plaintiff's argument, that the oral promise to pay the claimant, being after the written acceptance, required a new consideration, of which there was none, assumes the validity of the assignment and acceptance without record. The extinguishment of the trustees' debt to the defendant was the consideration of the acceptance. If the assignment and acceptance were, as against the plaintiff, void for want of record, it is, for the purposes of this case, as if no assignment and acceptance had been made, and the original debt of the trustees was not extinguished. The labor being completed and the debt wholly due, the oral promise to pay the claimant was upon the consideration of discharging the trustees' debt to the defendant, whose debt of equal amount to the claimant was discharged by the same promise and by his accepting the trustees as his debtors, thereby completing the transfer of debt and novation of contract and parties.

*Trustees discharged.*

CARPENTER, J., did not sit: the others concurred.